**ATTACHMENT C**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN A SEARCH WARRANTS FOR THE FOLLOWING CELL PHONES:<br>Possessed by Eric Deon GOODEN:<br><br>1.) Samsung Galaxy Note 8, IMEI: 358502003371552 | **UNDER SEAL**<br><br>**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT** |

I, Wes Stilwell, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, depose and state the following:

**INTRODUCTION & BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – that is, an electronic device – which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment "B."

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and as such, I am a Federal Law Enforcement Officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General of the United States to request a search warrant. I have been a Special Agent with ATF since 2009. Formerly, I was a Jackson, Tennessee, Police Officer for ten years prior to my appointment with ATF. As an ATF agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. I

1

have been trained in conducting investigations into violations of Federal Firearms, Drug/ Narcotics, Explosives and Arson laws. All of the information in this affidavit has either been personally verified by me, obtained from personal interviews, obtained from ATF Industry Operations, or received from other law enforcement officers.

3. I have participated in investigations of Racketeer Influenced and Corrupt Organizations (RICO), Violent Crimes in Aid of Racketeering (VICAR), Federal Hobbs Act robbery investigations, drug conspiracies, federal firearms trafficking investigations, burglaries and thefts from Federal Firearms Licensees (FFLs), explosives and arson investigations, and, among other things, I have conducted or participated in surveillances, the execution of search warrants, debriefings of informants and reviews of taped conversations. Through my training, education and experience, I have become familiar with the operation of illegal drug trafficking organizations, RICO and VICAR enterprises, criminal street gangs, Hobbs Act robbery investigations and the methods used to import and distribute narcotics as well as the purchase, acquisition and extended retention of firearms. I know that violent criminal street gangs and other criminal organizations monetarily pay off, intimidate, threaten, assault, injure, maim, and/or murder witnesses in retaliation for speaking with law enforcement regarding crimes committed by members of the criminal gangs and/or groups. I know that individuals that are previously convicted felons or persons otherwise federally prohibited from possessing firearms use alternative methods to obtain firearms from individuals, businesses or other legitimate sources. I also know that individuals sometimes illegally convert firearms to function in a manner that would constitute the firearm to be classified as a machinegun, short-barreled rifle (SBR), short-barreled shotgun (SBS), Any Other Weapons (AOW) or Destructive Devices (DD) under Title 26 United States Code.

4. I submit this affidavit in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41, authorizing federal law enforcement officers to search the electronic device found in the possession of Eric Deon GOODEN (hereinafter GOODEN), which is currently in the possession of the ATF and which is more fully described in Attachment "A," (hereinafter the DEVICE) and to extract from the DEVICE the electronically stored information more fully described in Attachment "B." It is believed that the DEVICE contains evidence of violations of Title 18, United States Code, § 922(g)(1) (Convicted Felon in Possession of a Firearm), Title 18, United States Code, § 371 (Conspiracy to commit offenses against the United States), and Title 18, United States Code, § 924(a)(1)(A) (Knowingly Making False Representations) (ATF Form 4473).

5. I am submitting this affidavit in support of a search warrant for a Samsung Galaxy Note 8, IMEI: 358502003371552 (the "DEVICE"), which is currently in the possession of the ATF in Jackson, Tennessee, and which is more particularly described in Attachment "A," to include all numbers dialed to and dialed from said telephone, text messages to and from said telephone, photographs, digital media, electronic records, recordings, emails, internet history, and to search for any and all evidence pertaining to violations of Title 18, United States Code, § 922(g)(1) (Convicted Felon in Possession of a Firearm), Title 18, United States Code, § 371 (Conspiracy to commit offenses against the United States), and Title 18, United States Code, § 924(a)(1)(A) (Knowingly Making False Representations) (ATF Form 4473)), more specifically described in Attachment "B." The information contained in this affidavit is based upon information that I have learned throughout the course of this investigation, as well as information provided to me by other state, local and federal law enforcement officers. The information in this affidavit is provided to establish probable cause and does not contain my entire knowledge of this case.

6. Based on your Affiant's prior training and experience, and the experience and training of other veteran law enforcement officers with whom I have discussed patterns, trends, and methods of operation regarding the aforementioned and other types of crimes, your Affiant is aware multi-defendant armed robbery crimes and firearms trafficking are inherently conspiratorial crimes. The nature of the conspiracy requires participating members to communicate in order to coordinate their planning prior to the commission of the crime, as well as during the actual commission of the crime. Such communications are commonly made using mobile devices such as tablet computers, mobile phones, and Wi-Fi capable portable gaming consoles. Based upon information provided to me by other law enforcement officers, I am familiar with the facts and the circumstances referred to in this affidavit. The facts and circumstances as set forth below demonstrate that there is probable cause to believe communications occurring over the DEVICE via text messaging, SMS messaging, and telephone calls, are criminal in nature. Not all facts known to me are contained within this affidavit. Only those facts I believe are relevant to the Court's probable cause determination are included. On the basis of that familiarity, I have determined the following:

7. In June 2019, your Affiant and members of the Whiteville Police Department initiated an investigation into Eric Deon GOODEN, also known as "EG," for drug trafficking and firearms trafficking offenses. Through the course of this investigation, your Affiant determined the following facts:

8. Eric Deon GOODEN is a previously convicted felon and was convicted of robbery in 2009 in Carroll County, Tennessee. GOODEN served three and one-half years in the Tennessee Department of Corrections for that felony robbery conviction. In or around June 2019, law enforcement received information from a reliable confidential informant (CI) that GOODEN was selling firearms from his residence in Whiteville, Tennessee. Investigators also verified

4

information that GOODEN lived at 215 West Main Street, Apartment 16, in Whiteville, Tennessee. The CI contacted GOODEN at cell phone number 901-647-2873 to set up the purchase of a firearm.

9. On June 24, 2019, GOODEN met with the CI at his (GOODEN's) residence located at 215 West Main Street, Apartment 16, Whiteville, Tennessee. The purpose of the meeting was for the CI to purchase a firearm from GOODEN. The CI purchased an AR-type pistol from GOODEN. The firearm is more completely described as an American Tactical Firearms, Omni Hybrid model, chambered in .300 Blackout caliber, serial number NS208792. The firearm was also determined to have been transported across state lines into the State of Tennessee before being possessed and sold by GOODEN to the CI on June 24, 2019.

10. On June 27, 2019, the CI again met with GOODEN at his (GOODEN's) address at 215 West Main Street, Apartment 16, Whiteville, Tennessee, for the purposes of purchasing firearms from GOODEN for a second time. The firearms purchased by CI from GOODEN on June 27, 2019 are described as an American Tactical Omni Hybrid, .300 Blackout caliber AR-type pistol with serial number NS208745, and a Taurus, model PT111 G2A, 9mm pistol, serial number TMA78634. Again, like the first occasion (June 24, 2019), the CI contacted GOODEN at cellular telephone number 901-647-2873 to set up the purchase of firearms on June 27, 2019.

11. Your Affiant also investigated the firearms that were purchased by the CI from GOODEN, and found that the firearm purchased by the CI from GOODEN on June 24, 2019 (an American Tactical Firearms, Omni Hybrid, .300 Blackout, serial number NS208792 AR-type pistol) was purchased on June 24, 2019 by Whitney Anjanay Woods from Mr. Cash Pawn Shop in Oakland, Tennessee. Ms. Woods has been involved in a relationship with GOODEN. Your Affiant further researched the history of the firearms purchased by the CI from GOODEN on

June 27, 2019, and found that the American Tactical Omni Hybrid, .300 Blackout caliber AR-type pistol with serial number NS208745 was purchased by Dalvia Delvetae Woods on June 26, 2019 from Mr. Cash Pawn Shop in Oakland, Tennessee, and the Taurus, model PT111 G2A, 9mm pistol, serial number TMA78634 was purchased by Whitney Anjanay Woods on June 19, 2019 from Krasner Pawn & Jewelry, LLC in Jackson, Tennessee. Dalvia Delavtae Woods is also related to GOODEN through GOODEN's wife or girlfriend, Whitney Anjanay Woods.

12. On November 18, 2019, GOODEN was indicted by the federal grand jury in the Western District of Tennessee for being a convicted felon-in-possession of the firearms discussed above, and an arrest warrant was issued by the Court and entered into NCIC.

13. On December 12, 2019, Whiteville Police Chief Ben Davis located GOODEN walking alone on a street in Whiteville, Tennessee. Chief Davis verified that the federal arrest warrant for GOODEN was active and he then arrested GOODEN on the federal warrant. GOODEN was in possession of the DEVICE (the Samsung Galaxy Note 8, IMEI: 358502003371552 cellular telephone). The DEVICE was on his person. Further, GOODEN stated to Chief Davis that the phone belonged to him (GOODEN), and he (GOODEN) wanted to contact Whitney Woods via his cell phone before being transported to jail. At the request of your Affiant, Chief Davis seized GOODEN's cell phone (the DEVICE) for further investigation. The cell phone was turned over to ATF Special Agent Nikki Alford who transported GOODEN to his initial appearance in Federal Magistrate Court. SA Alford checked the cell phone into ATF property as seized for evidence.

14. Your Affiant believes there were communications via cellular telephones and/or text messages via cellular telephones between the involved parties in this case that will reveal communications between GOODEN, Whitney Woods, Dalvia Woods, and other individuals

involved in the illegal firearms trafficking that GOODEN engaged in and around the Western District of Tennessee.

15. Based on the above, I believe that Eric Deon GOODEN and others have committed federal felonies in concert with at least one other person and possibly other individuals in violation of Title 18, United States Code, § 922(g)(1) (Convicted Felon in Possession of a Firearm), Title 18, United States Code § 371 (Conspiracy to commit offenses against the United States), and Title 18, United States Code, § 924(a)(1)(A) (Knowingly Making False Representations (ATF Form 4473)).

16. **Forensic evidence.** As further described in Attachment "B," this application seeks permission to locate not only electronically-stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the DEVICE because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.    The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a cell phone is evidence may depend on other information stored on the cell phone and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e.    Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17.    **Nature of examination**. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the DEVICE to human inspection in order to determine whether it is evidence described by the warrant.

18.    It is further requested that the search warrant provide authorization for agents of the ATF and/or their designees to search the DEVICE and/or associated peripheral equipment (including by way of example but not limited to, subscriber identity module (SIM) cards, removable storage media, and/or paired or synced devices), for the evidence listed in the affidavit and Attachment B using a range of data analysis techniques. However, in some cases, the cellular communications DEVICE may be damaged beyond repair, password protected or otherwise inoperable, and less invasive data analysis techniques will not accomplish the forensic goals of the examination. In these cases, an analysis technique referred to as "chip-off" may be implemented to conduct the

data extraction process. Chip-off is an advanced digital data extraction and analysis technique, which usually involves physically removing flash memory chip(s) form a subject device and then acquiring the raw data using specialized equipment. This process usually renders the cellular communication devices unusable.

19. **Manner of execution**. Because this warrant seeks only permission to examine a DEVICE already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

20. WHEREFORE, your Affiant request that a warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure to search the DEVICE described in Attachment "A" and to seek and extract those items listed in Attachment "B."

21. Because this is an ongoing investigation, and as a precaution to assure the safety of the agents and officers involved in executing future search and arrest warrants in this matter, your Affiant requests that this application, warrant, and affidavit be filed under seal so that no potential targets are prematurely alerted to the existence of this investigation.

22. Given the facts and circumstances set forth above, your Affiant avers that there is sufficient probable cause to search the following electronic DEVICE and to seek and extract those items listed in Attachment "B":

23. It is believed that the information regarding the aforementioned federal criminal offenses will be contained in the DEVICE, as well as information regarding GOODEN's criminal contacts and activities, as well as other information pertinent to this investigation.

## **CONCLUSION**

24. Based on the facts set forth above, I respectfully submit that there is probable cause to believe that evidence of the crimes of Title 18, United States Code, § 922(g)(1) (Convicted Felon in Possession of a Firearm), Title 18, United States Code § 371 (Conspiracy to commit offenses against the United States), and Title 18, United States Code, § 924(a)(1)(A) (Knowingly Making False Representations (ATF Form 4473)), will be found in the content of the data described in Attachment "B" as to the DEVICE. I therefore request that the Court issue an order authorizing the government to seize the electronically stored information detailed in Attachment "B" contained within the DEVICE, and to seek and extract those items listed in Attachment "B."

The above information is true and correct to the best of my knowledge, information and belief. Further, Affiant saith not.

Wes Stilwell
Special Agent, ATF

Sworn to and subscribed before me, this the 20th day of February, 2020.

HON. JON A. YORK
UNITED STATES MAGISTRATE JUDGE